UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


WENDY GASPARD AND KEVIN GASPARD                                            PLAINTIFFS

V.                                                        CIVIL ACTION NO. 1:06cv610-LTS-RHW

RIMKUS CONSULTING GROUP, INC.,                                             DEFENDANTS
THOMAS E. HEIFNER, P.E., INDIVIDUALLY,
PAUL D. COLEMAN, INDIVIDUALLY,
GARY L. BELL, INDIVIDUALLY, AND
STATE FARM FIRE AND CASUALTY COMPANY


MEMORANDUM OPINION

Plaintiffs allege that their residence in Diamondhead, Mississippi, along with the contents and personal property within it and all other structures located at or upon the insured property, were completely destroyed by Hurricane Katrina on August 29, 2005. They have sued multiple defendants arising from a claim for insurance policy benefits. State Farm Fire and Casualty Company (State Farm) is the Plaintiffs' insurer. Plaintiffs allege that State Farm conducted a cursory investigation of the loss and also sent a structural engineer named James ("Ken") Overstreet, who was employed by Rimkus Consulting Group, Inc. (Rimkus), for an engineering assessment of the cause of the damage. Defendants Thomas E. Heifner (Heifner) and Gary L. Bell (Bell) are associated with Rimkus.

The Complaint for Fraud, Breach of Contract and Bad Faith was filed originally in the Circuit Court of Hancock County. A Notice of Removal [1] was filed by Rimkus and Paul D. Colman (also associated with Rimkus and whose name was misspelled as "Coleman" in the original pleadings). State Farm joined in and consented to this action by separate document [2]. Colman, a Mississippi resident, has been voluntarily dismissed by stipulation [21] pursuant to Fed. R. Civ. P. 41. According to Rimkus, service of process has not been accomplished on Heifner and Bell, who were not part of the original removal notice.

Rimkus filed a motion [3] to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) (it is shown on the docket as a "Motion to Dismiss for Lack of Jurisdiction"). State Farm filed a Motion to Dismiss [8] based on Fed. R. Civ. P. 17 and 19 because the mortgagee, an additional insured under the policy believed to hold an interest in the property at the time of the loss, was not joined as a party. Plaintiffs have responded to the former motion, and have been allowed until September 29, 2006, to respond to the latter. Because this Court has entered rulings in cases involving Rimkus in similar circumstances, albeit on broader issues (*see Smith v. Rimkus Consulting Group, Inc., et al.,* Civil Action No. 1:06cv515; *Ray v. Rimkus Consulting Group, Inc., et al.,* Civil Action No. 1:06cv516), it is appropriate to go ahead and address its request for dismissal. The Court hopes that State Farm's

motion will be resolved by the deadline for joinder and amendment of the pleadings established in the [22] Case Management Order. However, a ruling on that issue does not affect the matter addressed here.

In considering a motion under Fed. R. Civ. P. 12(b)(6), the Court must accept as true the well-pleaded facts set out in the complaint, and the Court must allow all inferences favorable to the Plaintiffs. *Lowery v. Texas A & M University System*, 117 F.3d 242 (5th Cir. 1997). Dismissal is proper only if it appears that the Plaintiffs can prove no set of facts in support of their allegations that would entitle them to relief. *Conley v. Gibson*, 355 U.S. 41 (1957).

The first count in the complaint is for fraud against Rimkus, Heifner, the now-dismissed Colman, and Bell. Since Colman has been dismissed voluntarily, references to him in the pleadings will be deleted.

The underlying bases of Plaintiffs' claims involving Rimkus are found in paragraphs 17 through 19, and 36 through 41:

> Plaintiffs allege that Mr. Overstreet worked out and completed an engineering report dated February 4, 2006, that was favorable to their claim. A copy of his report is attached hereto as Exhibit "B." This report was emailed to Rimkus's Jackson, Mississippi office by Mr. Overstreet for signature. Plaintiffs allege that Rimkus, acting by and through its agents and employees, particularly . . . Bell and Heifner, altered Mr. Overstreet's original report, and this alteration deleted any reference to wind as a cause of the loss to the Gaspards' home, and inserted an altered conclusion that the total loss was caused by storm surge. Plaintiffs allege that Rimkus, acting by and through its agents and employees, then forged Mr. Overstreet's name to the altered report without Mr. Overstreet's approval or knowledge. The altered report dated February 22, 2006, is attached hereto as Exhibit "C."
>
> Plaintiffs allege that Rimkus, . . . Bell and Heifner then forwarded the unfavorable, altered report to State Farm and "buried" or otherwise disposed of the original favorable report authored by Mr. Overstreet on February 4, 2006.
>
> Plaintiffs' claim for severe wind damage has not been paid fully by State Farm, and Plaintiffs allege and charge that State Farm has no intention of paying their claim, based in part on the substance of the altered Rimkus Engineering report dated February 22, 2006.
>
> . . . .
>
> Plaintiffs allege that Rimkus, Bell, . . . and Heifner intentionally and maliciously altered Ken Overstreet's February 4, 2006, engineering report to falsely indicate storm surge was the sole cause of loss, when in fact Mr. Overstreet found and opined that wind was a substantial cause of loss and structural damage to your Plaintiffs' home.

      Plaintiffs allege that Rimkus, Bell, . . . and Heifner, or someone for whom they are responsible, signed Mr. Overstreet's name to the altered February 22, 2006, report without his knowledge, consent or authorization in violation [of] the law and professional engineering standards.

      Plaintiffs allege that as a result of the Defendants' joint fraudulent conduct, they have been damaged in that State Farm has refused to pay and indemnify them for their extensive and serious casualty losses as required under policy number 24-CS-4913-7.

      Further, Plaintiffs allege they have been denied additional living expenses due under policy number 24-CS-4913-7 as a direct consequence of the Defendants' fraudulent conduct and false reports.

      Plaintiffs allege that Defendants Rimkus, Bell, . . . and Heifner acted with malice, and intentionally acted to defraud them, necessitating an award of compensatory damages for all policy benefits due under policy number 24-CS-4913-7, attorney's fees and punitive damages to the fullest extent allowed by Miss. Code Ann. § 11-1-65.

      Plaintiffs further allege that they have suffered emotional stress and mental anguish as a direct and proximate result of the Defendants' fraudulent conduct, and demand that Rimkus, Bell, . . . and Heifner should fully and fairly compensate them for these items of damage.

There is also a count for breach of contract lodged against State Farm, a count for agent negligence with respect to State Farm, a count of bad faith against State Farm, and a separate count for punitive damages. The amount of policy coverage is unknown to the Court as of the date of loss, but, according to the motion, State Farm has paid Plaintiffs $39,967.36.

According to the Motion to Dismiss, Rimkus is "a forensic engineering firm that provides various public, private, and individual clients, including insurance companies, with a wide range of services, including catastrophic storm damage assessments." Bell is identified in the complaint as "the individual in charge and control of the Mississippi district for Rimkus and has a paramount authority to approve any and all corporate decisions for the Rimkus Mississippi district . . . ." It is further alleged that Bell "individually conspired with Heifner . . . and other Rimkus employees to commit the wrongful, improper and fraudulent acts complained of . . . ." Little else is said about Heifner. It is observed that his name does not appear on either report referred to in the complaint. Although it states in the Motion to Dismiss that "Overstreet is an independent contractor who worked at the time for S & B Infrastructure" and that "S & B contracted with Rimkus Consulting Group, Inc., to provide personnel for storm-related assignments," Overstreet's name and signature on the February 4 report (which actually bears two other dates–November 19, 2005, and April 3, 2006, the latter date being handwritten), and his name and signature placed by another on the February 22 report, are on Rimkus letterhead. The other engineers shown on the respective reports are Corey D. Green (who did not sign) and Tony R. Clark (who did).

Aside from the standard applicable to a Rule 12(b)(6) motion, certain portions of the complaint have been quoted in full because there is an explicit assertion in Rimkus's pending 12(b)(6) motion (as well as in its answer) that Plaintiffs' allegations of fraud, which Rimkus denies occurred, do not meet the heightened pleading standard of Fed. R. Civ. P. 9(b). The usual remedy in the face of a valid Rule 9 claim is not outright dismissal, but allowance of an amendment under Fed. R. Civ. P. 15. However, if the original complaint suffered such shortcomings as being contrary to Rule 9, they certainly did not prevent Rimkus from filing an answer or framing a response to the fraud claims. It also appears that Plaintiffs have set forth the minimum required particularities, usually framed in terms of the who, what, when, where, and how of the alleged fraud. *See, e.g., United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450 (5th Cir. 2005). Of course, any defendant may resort to Fed. R. Civ. P. 12(e)'s provision for a more definite statement.

As to Rimkus's substantive claims, the Mississippi Supreme Court, reasoning that "[j]urisprudence should not be in the position of approving a deliberate wrong," *Bass v. California Life Insurance Co.*, 581 So. 2d 1087, 1090 (Miss. 1991), has held:

> An adjuster has a duty to investigate all relevant information and must make a realistic evaluation of a claim . . . . However, an adjuster is not liable for simple negligence in adjusting a claim . . . . *He can only incur independent liability when his conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured.*

*Id.* (quoting *Dunn v. State Farm Fire & Casualty Co.*, 711 F. Supp. 1359, 1361 (N.D. Miss. 1987); citations omitted) (emphasis added).

The Plaintiffs' cause of action is not based merely on breach of contract. There is no question that they have alleged that Rimkus, as the company performing damage assessment services, committed, approved, or otherwise participated in a deliberate wrong related to the circumstances surrounding the preparation of, issuance of, and reliance on the report dated February 22, 2006. It is Plaintiffs' position that James K. Overstreet, whose name appears on that document as one of its authors, did not give his consent, permission, or authorization for any one to sign his name to it. His signature does not appear on the first report (which Rimkus calls a "draft" intended for State Farm's exclusive use) and the "signature" on the second is initialed by someone else.

Under the complaint, Rimkus stands accused of corporate misconduct associated with the adjustment of the Plaintiffs' claim that is cognizable under Mississippi law. It is not the purpose of a motion to dismiss to substitute for or bypass the development of relevant evidence, and it is also not the point for weighing credibility. This Court is not in a position to declare, allowing all inferences favorable to the Plaintiffs, that there are no set of facts that would entitle them to relief. Accordingly, Rimkus's Motion to Dismiss grounded on Fed. R. Civ. P. 12(b)(6) will be denied. Colman's similar motion will be denied as moot.

A separate order shall issue.  Decided this the 13th day of September, 2006.

*s/ L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge