UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


WENDY GASPARD and KEVIN GASPARD                                           PLAINTIFFS

V.                                                         CIVIL ACTION NO. 1:06cv610-LTS-RHW

RIMKUS CONSULTING GROUP, INC., ET AL                                      DEFENDANTS


**MEMORANDUM OPINION**

The Court has before it the motion [8] of State Farm Fire and Casualty Company (State Farm) to dismiss this action under F.R.Civ.P. 12(b)(7) for failure of the plaintiff to join his mortgage lender as a party under F.R.Civ.P. 19. State Farm asserts that the absence of the mortgage lender, who is a loss payee under the State Farm policy at issue, makes it impossible for this action to finally resolve all the issues related to its potential liability under the policy. State Farm reasons that the adjudication of the merits of the claims asserted by the plaintiff would not necessarily resolve the potential claims of the mortgage lender. I agree.

F.R.Civ.P. 19(a) provides:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in the proper case an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

While I believe State Farm is correct with respect to the joinder of the mortgage lender, justice does not necessarily require that I order the immediate joinder of the mortgage lender. I am mindful of the potential for the mortgage lenders in this and in similar cases to incur substantial expenses by participating as a party in the great